## CITY OF MIAMI v. FOURTH.

Circuit Court, Dade County, Criminal Appeal.

April 29, 1953.

Roberts, Holland & Strickland, Miami, for appellant.

John E. Cicero, City Attorney and Jack M. Smith, Assistant City Attorney, both of Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The principal question presented by this appeal arises from the appellant's challenge in the court below of the affidavit which was the basis for the issuance of a search warrant pursuant to which her residence was entered and searched.

The police officer by whom the affidavit was made swore that he had personally examined the official records of the director of internal revenue at Jacksonville, and that such records disclose that "pursuant to chapter 27-A, Internal Revenue Acts, section 3285 to 3298, Jessie Mae Fourth made application to the Director of the Internal Revenue Bureau at Jacksonville, Florida, for a Federal Wager Stamp"; that she stated in such application that she resides at "1635 N. W. 6th Court, City of Miami, Dade County, Florida," and that she was in the employ of a known gambler and received wagers for and in behalf of such employer; and that, on such application, the director issued to her, on August 1, 1952, a federal wager stamp (numbered 3907) which (at the time the affidavit was made) was "in full force and effect."

The officer further swore that during the period from March 18 to March 24, 1953, he personally observed numerous persons, who do not reside at "1635 N. W. 6th Court," entering the appellant's residence at such address and that each of such persons remained therein "no longer than approximately five minutes."

Based on his examination of the mentioned federal records and his observation of the suspected premises, the officer swore that he had good reason to believe that "Cuba" or "bolita" lottery tickets would be found in the appellant's residence.

At the trial of the appellant in the court below, on a charge that on March 28, 1953, she unlawfully had in her possession a book of lottery tickets (evidencing interests in a future lottery), counsel moved to suppress the evidence obtained by a search of her residence authorized by a warrant predicated on the challenged affidavit. It is the denial of such motion, assigned as error, which gives rise to the main question here involved.

By the constitutional provision invoked by the appellant (section 22 of the declaration of rights in the constitution of Florida) the people are protected "against *unreasonable* searches" of their homes.

I am impelled to the conclusion that in the stated circumstances the search of the appellant's dwelling was not an *unreasonable* search. I think that the police officer by whom the questioned affidavit was made acted on facts personally known to him which "would lead a man of prudence and caution to believe" that in the appellant's residence illegal activities were occurring.

The other contentions made are, in my opinion, without merit. The judgment appealed from is accordingly affirmed.